**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**
Judge Daniel D. Domenico

Case No. 1:20-cv-03045-DDD-KLM

IMAGINEX CONSULTING, L.P.,

    Plaintiff,

v.

REPRIVATA, L.L.C.,

    Defendant.

## ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiff ImagineX Consulting L.P. is, according to its complaint in this case, a Delaware limited partnership with a principal place of business in Atlanta, Georgia. Its partners are citizens of Georgia, Delaware, North Carolina, Virginia, and Canada. Doc. 1 at ¶ 8. Defendant Reprivata, LLC, is, according to the complaint, a Delaware limited liability company with a principal place of business in Houston, Texas. The complaint alleges, "upon information and belief, Reprivata has four members, John B. 'Tripp' Hardy, F. Scott Yeager, David Wallace Cox, and Derek Jenkin, whose respective citizenships are Texas, Texas, Florida, and Canada." *Id.* at ¶ 10. ImagineX asserts state-law claims for breach of contract and quantum meruit against Reprivata. *Id.* at ¶¶ 28–37. It invokes this court's subject-matter jurisdiction for suits between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3).

Reprivata has moved to dismiss for lack of subject matter jurisdiction, arguing that the presence of foreign citizens on each side of the case defeats the complete diversity. *See* Fed. R. Civ. Proc. 12(b)(1); Doc. 12. Resolution of that motion turns on application of two straightforward rules of federal-court jurisdiction.

The first rule is that the citizenship of a non-incorporated entity, such as the parties here, is determined by the citizenship of their members. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569–70 (2004) (noting "the accepted rule that, as a partnership, [the plaintiff] is a citizen of each State or foreign country of which any of its partners is a citizen."); *Carden v. Arkoma Assocs.,* 494 U.S. 185, 195–96 (1990) ("We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members, the several persons composing such association."); *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) ("Like every other circuit to consider this question, this court concludes an LLC, as an unincorporated association, takes the citizenship of all its members."). This rule commands that ImagineX is a citizen of Georgia, Delaware, North Carolina, Virginia, and Canada[1]; and Reprivata is a citizen of Texas, Florida, and Canada. So along with being citizens of several American states, both parties are aliens.

The second rule is somewhat less firmly settled. Article III, section 2 of the Constitution extends the "judicial power of the United States" to various categories of controversies, including those arising under federal law and the Constitution, those "between citizens of different states,"

---

[1] Upon further inquiry into the matter, ImagineX's Canadian member might actually be a citizen of Israel. Doc. 17 a 12. Either way, however, the Canadian or Israel member is a foreign citizen, which is all that matters for this motion.

and those "between a state, or the citizens thereof, and foreign states, citizens or subjects." The Supreme Court has long recognized, however, that Article III does not extend to cases between two foreign citizens. *See Mossman v. Higginson*, 4 U.S. 12, 14 (1800). So when "aliens [a]re on both sides of the case" diversity of citizenship is "absent." *Grupo Dataflux*, 541 U.S. at 569 (relying on *Mossman*). That is the case here, so this rule means that the court lacks jurisdiction. A suit between ImagineX and Reprivata, both of whom must be treated as aliens for jurisdictional purposes under *Carden*, *Grupo Dataflux*, and *Siloam Springs*, is beyond the judicial power vested by Article III.

ImagineX, in opposing Reprivata's motion, primarily relies on a decision of the Seventh Circuit, *Tango Music, LLC v. DeadQuick Music, Inc.*, 348 F.3d 244 (7th Cir. 2003). The plaintiff in *Tango* was an LLC whose members were citizens of New Jersey and the United Kingdom. *Id.* at 245. The principal defendant was a citizen of Delaware and New York, but one of the individual defendants was a citizen of "either the United Kingdom or Virginia." *Id.* The court thus considered the question whether the presence of "U.K. citizens on both sides of the case . . . destroys diversity jurisdiction." *Id.* At the outset, the court noted the rule that a limited liability company shares the citizenship of its members. *Id.* The court then explained that "we have held in previous cases that the presence of foreigners on both sides of a diversity case does not destroy diversity." *Id.* (collecting cases). The court considered whether that rule should be different given that there were U.K. citizens on both sides of the case. *Id.* The court said no, based solely on the language of § 1332(a)(3), which admittedly is not limited to suits between citizens of different States and in which "citizens or subjects of *different* foreign states." *Id.* (emphasis in original).

As a matter of statutory interpretation, the Seventh Circuit's

3

analysis makes sense. There is indeed some room for Congressional discretion in these matters. *Carden* made clear, for example, that Congress could, if it chose to, tell federal courts how to determine the citizenship of corporate entities. *Carden*, 494 U.S. at 196. And Congress has in fact done so in limited circumstances. *See, e.g.*, *id.* ("In 1958 [Congress] revised the rule established in *Letson,* providing that a corporation shall be deemed a citizen not only of its State of incorporation but also 'of the State where it has its principal place of business.'" (quoting 28 U.S.C. § 1332(c)); *see also* 28 U.S.C. § 1332(d) (determining citizenship for purposes of class actions).

But Congress has not changed the rule announced in *Carden*, reiterated in *Grupo Dataflux*, and followed by the Tenth Circuit in *Siloam Springs*, that an unincorporated entity's citizenship is determined by the citizenship of its members. And even though Congress could change the *Carden* rule, the second rule about the reach of Article III, is constitutional and beyond alteration by either the legislative or judicial branch absent constitutional amendment. So in part because this is the rare line of precedent that "can be validly characterized as technical, precedent-bound, and unresponsive to policy considerations," *Carden*, 494 U.S. at 196, there is no persuasive reason to follow *Tango Music*. The Seventh Circuit did not consider the text of Article III or *Mossman*, which squarely foreclose suits between two aliens. And it likewise failed to consider *Carden* and *Grupo Dataflux*, which explain how to determine the citizenship of an unincorporated entity. *Tango Music* thus represents the kind of court-made fix or amendment to the diversity statute (let alone the Constitution) that the Supreme Court squarely—and rightly—rejected in *Carden* as beyond the competency of an Article III court.

In sum, the court cannot exercise jurisdiction over a suit like this one

4

5

that pits two foreign citizens against each other. The motion to dismiss for lack of subject-matter jurisdiction (Doc. 12) is thus **GRANTED**, and the motion to consolidate currently pending before the court (Doc. 31) is **DENIED AS MOOT**.

DATED: February 11, 2021.                    BY THE COURT:

                                                                         _____
                                                                         Daniel D. Domenico
                                                                         United States District Judge